1  MARK D. BYRNE, ESQ. SBN#109268
   **LAW OFFICES OF TRIANO & BYRNE**
2  25 Jessie Street, 16th Floor
   San Francisco, CA 94105-2749
3  Telephone: (415) 371-8000
   Facsimile: (415) 371-8001
4  mailbox@trianobyrne.com

5  Attorney for Plaintiffs Ernest Lahti, Linda Lahti and Applied Reserve Analysis, LLC

6

7

8                **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

                 **SAN FRANCISCO DIVISION**
10

11  ERNEST LAHTI, LINDA          )   Case No: CV-08-2314-BZ
    LAHTI AND APPLIED            )
12  RESERVE ANALYSIS, LLC, a     )   **PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
    California corporation,      )   **MOTION TO DISMISS PLAINTIFFS'**
                                 )   **COMPLAINT FOR LACK OF SUBJECT**
13          Plaintiffs,          )   **MATTER JURISDICTION**
                                 )
14  v.                           )
                                 )
15  DAN BLOOMQUIST,              )
    REBECCA BLOOMQUIST,          )
16  HIGHLANDS ELECTRONICS         )
    LLC, an Arizona corporation, and )
17  DOES 1 through 50 inclusive,  )
                                 )
18          Defendants.          )
                                 )
19                               )
                                 )
20  _____)

21

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

1

# TABLE OF CONTENTS

2  TABLE OF CONTENTS...................................................................................................ii

3  TABLE OF AUTHORITIES ..........................................................................................iii

4  I.    INTRODUCTION ................................................................................................ 1

5  II.   FACTS ................................................................................................................. 1

6  III.  DISCUSSION ...................................................................................................... 4

7      A.  This Court Has Subject Matter Jurisdiction Over Plaintiffs' Claims. ................... 4

8      B.  This Court Has Personal Jurisdiction Over The Parties....................................... 4

9      C.  The Choice Of Law Clause In The Licensing Agreement Is Not A Forum Selection

10     Clause; Even If Was It Does Not Select An Exclusive Jurisdiction............................ 6

11     D.  Defendants Have Improperly Shortened The Statute Of Limitations On Plaintiffs' Claims

12     ................................................................................................................................... 8

13     E.  Plaintiffs Just Discovered Defendants Breach Of The Contract And Therefore The Statute

14     of Limitations Has Not Run...................................................................................... 9

15  IV. CONCLUSION.......................................................................................................... 10

16

17

18

19

20

21

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

TABLE OF AUTHORITIES

**Cases**

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)............................................................ 5, 6

*Graham Technology Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F.Supp. 1427 (1997)............ 8

*Gust, Rosenfeld & Henderson v. The Prudential Ins. Co. of America*, 182 Ariz. 586 (1995).. 9, 10

*Hadley v. Southwest Prop., Inc.*, 570 P.2d 190 (Ariz.1977)....................................................... 8, 9

*Hsu v. Oz Optics Ltd.*, 211 F.R.D. 615 (2002)......................................................................... 8, 9

*Magellan Real Estate Investment Trust v. Losch*, 109 F. Supp 2d 1144, 1149 (2000).................... 7

*Ross v. Ross*, 96 Ariz. 249 (1964) ............................................................................................. 9

*Winsor v. Glasswerks PHX, LLC,* 63 P.3d 1040 (Ariz.Ct.App.2003) ........................................... 8

*Zuckerman v. Tranamerica Ins. Co.*, 133 Ariz. 139 (1982)......................................................... 9

**Statutes**

*28 U.S.C. § 1331* ..................................................................................................................... 5

*28 U.S.C. § 1332* ..................................................................................................................... 5

*Az.Rev. Statutes § 20-1115(A) (3)* ......................................................................................... 11

Fed. Rule Civ. Proc. 12(b)(3)..................................................................................................... 7

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16ᵗʰ Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

1

## I.    INTRODUCTION

2

Defendants have erroneously filed a Motion to Dismiss Plaintiffs' Complaint for Lack of

3

Subject Matter Jurisdiction based upon a Choice of Law provision in the Licensing Agreement.

4

This court has subject matter jurisdiction over the parties because complete diversity has been

5

alleged as well as the minimal jurisdictional amount. The Choice of Law provision Defendants

6

cite has no effect upon the subject matter jurisdiction of this Court.

7

Defendants have no counsel and as a result their legal arguments and premise are unclear

8

and confusing. Plaintiffs can only speculate as to the actual legal arguments that Defendants

9

could be making to provide their response in a good faith effort to address the possible issues at

10

hand. Plaintiffs will also address herein the Court's enunciated concerns, including the Court's

11

personal jurisdiction over the parties, interpretation of Choice of Law provisions, and

12

enforceability of provisions shortening statute of limitations.

13

## II.    FACTS

14

Plaintiffs, Ernest Lahti ("Ernie") and Linda Lahti  ("Linda") (collectively, "Lahtis'") and

15

Dan Bloomquist ("Dan") and Rebecca Bloomquist ("Rebecca") (collectively, "Bloomquists")

16

entered into the Licensing Agreement on March 8, 2006 ("Licensing Agreement") for a

17

transferable exclusive license to use Reserve Analyst Software ("Software") in Northern

18

California for five years. *See* Plaintiffs' verified Complaint in this matter ("Complaint") ¶¶ 21,

19

23; *see also* Ernie Lahti's Declaration in Support of Application for Temporary Restraining

20

Order ("Ernie's Declaration") ¶ 18; *see also* Linda Lahti's Declaration in Support of Application

21

Law Offices
TRIANO & BYRNE
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1

1    for Temporary Restraining Order ("Linda's Declaration") ¶ 17.  The Lahtis, who currently reside

2    in California, and the Bloomquists, who currently reside in Arizona, had worked together for

3    almost five years to develop the Software, which is used by the Lahtis to prepare reserve study

4    reports for their Northern California business. *See* Complaint ¶¶ 3, 7, 12, 13, 24. The Lahtis

5    reserve analysis business has been centered in Northern California for sixteen (16) years. *See*

6    Complaint ¶ 10.

7         While working in reserve analysis, Ernie developed the idea for Reserve Analyst

8    Software. *See* Complaint ¶ 10. After revealing his idea to Rebecca, whom Ernie treated as his

9    own daughter, the Bloomquists pushed Ernie to work with them to develop that idea into a

10   working product. *See* Complaint ¶ 11. Due to the Bloomquists multiple requests, the Lahtis close

11   relationship with the Bloomquists, and the agreement that the parties would form a joint venture

12   to market the Software, in or about July 17, 2001, Ernie provided the details of his idea to Dan.

13   *See* Complaint ¶¶ 11, 12, 14. Ernie then spent numerous hours programming and beta testing the

14   Software with Dan until a working copy of the software was created. *See* Complaint ¶¶ 12.

15        Thereafter, Plaintiffs began to use the Software in their business, Applied Reserve

16   Analysis, LLC, which is located in San Rafael, CA. *See* Complaint ¶¶ 5, 13. Plaintiff

17   encountered many errors in the Software and would perform beta testing for Defendants and

18   continued to assist Defendants to develop the software. *See* Complaint ¶¶ 13. Within a year of

19   Ernie detailing the software idea to Dan, it was clear that the Bloomquists no longer wished to

20   enter into the joint venture. *See* Complaint ¶ 15.

21        In or about August, 2002 Ernie approached the Bloomquists for a licensing agreement for

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16ᵗʰ Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

1   the software. *See* Complaint ¶ 16. Rebecca initially insisted that the Bloomquists be allowed to

2   market the Software to the Lahtis customers, prospective customers and competitors. *See*

3   Complaint ¶ 16. Eventually, the Lahtis and Bloomquists reached an agreement for a one-year

4   license for the Lahtis' exclusive use of the Software in Northern California. *See* Complaint ¶ 17.

5          In view of the expiration of the one-year term Plaintiffs bargained for a five-year contract

6   for a transferable exclusive license to use the Software in Northern California. *See* Complaint ¶¶

7   18, 19. On February 28, 2006, the day Defendants set as the last day Plaintiffs could use the

8   Software without a license, Defendants provided Plaintiffs with a final draft of the Licensing

9   Agreement. *See* Ernie's Declaration at ¶ 20; *see* Linda's Declaration at ¶ 20. Believing that the

10  terms they bargained for were included in the Licensing Agreement, Plaintiffs executed it on

11  March 8, 2006. *See* Complaint ¶ 21. Unbeknownst to Plaintiffs the agreement contained a

12  provision that allowed for termination without cause after two years of the five year term and a

13  provision that shortened the statute of limitations. *See* Complaint ¶ 23, *see* Ernie's Declaration at

14  ¶ 22, *see* Linda's Declaration at ¶ 22.

15         Since execution of the Licensing Agreement, Plaintiffs have continued to be used for beta

16  testing without compensation. In or about February, 2008 Plaintiffs requested compensation for

17  their efforts, and Defendants denied such request. *See* Complaint ¶ 26. Then, on February 20,

18  2008, Plaintiffs received notice from one of their clients that their services were no longer

19  needed because the client planned to directly purchase the Software to perform the reserve

20  analysis. *See* Complaint ¶ 27. On March 12, 2008 Defendants sent Plaintiffs a sixty (60) day

21  notice terminating the Licensing Agreement and demanded Plaintiffs execute a new contract that

Law Offices
TRIANO & BYRNE
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
3

1   removed Plaintiffs' exclusive use area and the transferability of the license. *See* Complaint ¶ 29.

2   ## III.   DISCUSSION

3   ### A. This Court Has Subject Matter Jurisdiction Over Plaintiffs' Claims.

4   Whether a court has subject matter jurisdiction over a case depends upon two factors: (1)

5   if there is complete diversity between the parties and the value of the controversy exceeds

6   $75,000, or (2) if there is a federal question at issue. *See* 28 U.S.C. §§ 1331, 1332.  Here,

7   Plaintiffs have pleaded complete diversity, since they have alleged that they are citizens of the

8   state of California and that Defendants are citizens of the state of Arizona. Plaintiffs have also

9   alleged that the value of the controversy exceeds the jurisdictional minimum, $75,000.

10  Therefore, despite Defendant's misplaced claims, Plaintiffs have established that this Court has

11  subject matter jurisdiction in this case.

12  ### B. This Court Has Personal Jurisdiction Over The Parties.

13  With respect to interstate contractual obligations, the Supreme Court has repeatedly held

14  that "parties who 'reach out beyond one state and create continuing relationships and obligations

15  with citizens of another state' are subject to regulation and sanctions in the other State for the

16  consequences of their activities." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473

17  (1985). Therefore, this Court has personal jurisdiction over Defendants because Defendants have

18  "purposefully directed" their activities at residents of Northern California, including Plaintiffs

19  and Plaintiffs' customers and potential customers, and this litigation results from alleged injuries

20  that "arise out of or relate to" those activities. *See Burger King Corp., supra,* 471 U.S. at 472.

21  As detailed in the Facts above, the Bloomquists have purposefully reached out to the

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16ᵗʰ Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
4

1   Lahtis and created a continuing relationship with them. First, the Bloomquists, and especially

2   Rebecca, took advantage of the close relationship they had with the Lahtis to repeatedly request

3   that Ernie provide his idea about Software to them for development. Thereafter, the Bloomquists

4   have sought the assistance of the Lahtis and their business to create, develop and beta test the

5   Software. They have negotiated more than one licensing agreement with the Lahtis, which deals

6   with the use of the Software in Northern California.

7        Also, as alleged in the Complaint, the Bloomquists, and especially Rebecca, have sought

8   to market the Software to the Lahtis' clients, prospective clients and competitors in Northern

9   California since a working version of the Software was created. The Lahtis are informed and

10  believe, based upon an email they received from one of their clients, that the Bloomquists are

11  marketing to the Lahtis clients in Northern California and poised to expand such marketing upon

12  termination of the Licensing Agreement.

13       In order to determine whether the defendant "purposefully" established minimum

14  contacts within the forum, courts must evaluate the following factors: prior negotiations;

15  contemplated future consequences; the terms of the contract; and the parties' actual course of

16  dealings. *See Burger King Corp.*, *supra,* 471 U.S. at 478. This matter is based upon multiple

17  activities that have been directed at this forum and events that have taken place in this forum. As

18  a result, the factors enumerated in *Burger King* clearly establish that this Court holds personal

19  jurisdiction over Defendants.

20       First, the Bloomquists have sought out and appropriated the idea for the Software from

21  Ernie, a Northern California resident. Second, the parties have bargained for a five-year

Law Offices
TRIANO & BYRNE
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1    transferable exclusive license for the Lahti's use of the Software in Northern California. Third,

2    the Licensing Agreement provides for the Lahtis' exclusive use of the Software in Northern

3    California. By terminating the Licensing Agreement prematurely, the Bloomquists seek to begin

4    marketing in Northern California, as is evident from the New Contract they have provided that

5    does not have any exclusive use area. Fourth, the Lahtis and their employees have performed

6    extensive beta testing of the Software out of their Northern California office for the benefit of the

7    Bloomquists and the Bloomquists have refused to provide any compensation for such work.

8        The Bloomquists have had extensive contact with this forum and have purposefully

9    directed their business activities here. They should not be allowed to now avoid the

10   consequences of those actions simply because they reside in Arizona.

11   **C. The Choice Of Law Clause In The Licensing Agreement Is Not A Forum**

12   **Selection Clause; Even If It Was It Does Not Select An Exclusive Jurisdiction.**

13       Defendants have erroneously pointed to a provision in the Licensing Agreement labeled

14   "Governing Law" to argue that this Court should dismiss this matter for lack of jurisdiction. In

15   fact, when a forum selection clause established a different forum for determination of the

16   proceeding, a party must file a Motion for Improper Venue. *See* Fed. Rule Civ. Proc. 12(b) (3)

17   The provision that Defendants point to is not a forum selection clause and does not prohibit this

18   Court from exercising jurisdiction over Plaintiffs' claims.

19       The Governing Law provision that Defendants point to states: "All questions concerning

20   the validity, operation, interpretation and construction of this Licensing Agreement will be

21   governed by and determined in accordance with the laws of the State of Arizona in Apache

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

1  County, city of St. Johns." The plain language of the provision does not include any reference to

2  the jurisdiction or venue for claims arising between the parties.

3      A contract is interpreted, where possible, based upon the clear meaning of the language.

4  *See Hadley v. Southwest Prop., Inc.,* 570 P.2d 190, 193 (Ariz.1977) (where the language of a

5  contract is clear and unambiguous, it must be given effect as written). The Governing Law

6  provision clearly only chooses the applicable law and only in the context of the interpretation of

7  the contract. It includes no language, such as jurisdiction, venue or court, that would indicate that

8  the parties' intended or understood that this clause would determine the jurisdiction of any

9  claims that arose.

10      There is no language in the Governing Law provision to indicate that this clause would

11  choose an *exclusive* jurisdiction for any claims that arose. In order for only one court to have

12  jurisdiction over this matter, the parties must have agreed to a mandatory forum selection clause.

13  *See Hsu v. Oz Optics Ltd.,* 211 F.R.D. 615, 618 (2002); s*ee also Graham Technology Solutions,*

14  *Inc. v. Thinking Pictures, Inc.*, 949 F.Supp. 1427, 1429 (1997) (interpretation of forum selection

15  clause is procedural issue decided under Federal law). "To be mandatory, a clause must contain

16  language that clearly designates a forum as the exclusive one." *See Hsu, supra,* 211 F.R.D. at

17  618; *see also Magellan Real Estate Investment Trust v. Losch,* 109 F. Supp 2d 1144, 1149

18  (2000) (despite contractual provision to "irrevocably attorn to the jurisdiction" of Ontario,

19  Canada the court held that Arizona was proper jurisdiction and applicable law due to

20  convenience of the parties and witnesses). Because there is no language indicating the parties'

21  intent to establish a court of exclusive jurisdiction, the Governing Law provision is not a

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
7

1   mandatory forum selection clause and does not necessitate a change of venue.

2          There is also no indication that the Governing Law provision applies to disputes arising

3   between the parties that are not specific to the interpretation of the Licensing Agreement. Clearly

4   the Governing Law provision does not apply to causes of action brought under the law of torts.

5   *See Winsor v. Glasswerks PHX, LLC*, 63 P.3d 1040, 1043 (Ariz.Ct.App.2003) (choice of law

6   provisions does not control analysis of tort claims, unless contractual interpretation is necessary

7   to resolve the claim). Arguably, the Governing Law provision does not apply to the enforcement

8   of the contract either, since such provision explicitly includes only "questions concerning the

9   validity, operation, interpretation and construction of th[e] Licensing Agreement." *See Hadley v.*

10  *Southwest Prop., Inc.*, 570 P.2d 190, 193 (Ariz.1977) (where the language of a contract is clear

11  and unambiguous, it must be given effect as written).

12         Therefore, contrary to Defendants erroneous contentions, there is no language in the

13  Licensing Agreement that divests this Court of jurisdiction or chooses a forum for the parties'

14  litigation. Furthermore, the Governing Law provision relates specifically to interpretation of a

15  contract and therefore does not even apply to many of the claims brought by Plaintiffs.

16  Defendants have presented no factual or legal evidence that would support such an expansive

17  interpretation of this provision.

18         **D. Defendants Have Improperly Shortened The Statute Of Limitations On**

19             **Plaintiffs' Claims.**

20         As stated in the Facts above, Defendants also included a sentence within the Governing

21  Law provision which shortens the applicable statute of limitations for Plaintiffs' claims arising

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
8

1   from the Licensing Agreement to one year. However, such provision is contrary to the laws of

2   Arizona, which is set forth in the same provision as the applicable law for interpretation of this

3   Licensing Agreement, as discussed above.

4        Arizona Courts strictly view statutes of limitations as "declarations of public policy as

5   well as a private right." *See Zuckerman v. Tranamerica Ins. Co.*, 133 Ariz. 139, 143 (1982)

6   *(citing Ross v. Ross,* 96 Ariz. 249, 252 (1964)). Arizona courts have upheld the shortening of the

7   statute of limitations only in the context of insurance contracts as specifically provided for by the

8   Arizona legislature. *See Zuckerman, supra, 133 Ariz. at 143; see also* Az.Rev. Statutes § 20-

9   1115(A) (3). However, "[o]rdinarily, [the court] would question the inherent validity of a

10  [contract] provision which sets a limitation period so much shorter than that enacted by the

11  legislature. *See Zuckerman, supra, 133 Ariz. at 143.*

12       In this case, the Bloomquists included the provision shortening the statute of limitations

13  without the consent or knowledge of the Lahtis. There was no intent by the Lahtis to shorten the

14  statute of limitations that is recognized by Arizona law as their "private right." *See Ross, supra,*

15  *96 Ariz. 249, 252.* No case law supports such shortening of the statute of limitations. Thus, this

16  Court should not enforce the Licensing Agreement clause shortening the statute of limitations.

17       **E.  Plaintiffs Just Discovered Defendants Breach Of The Contract And Therefore**

18           **The Statute of Limitations Has Not Run.**

19       Even if the shortening of the statute of limitations would be upheld, Arizona law provides

20  for a tolling of the statute of limitations until discovery of a breach or tort. *See Gust, Rosenfeld &*

21  *Henderson v. The Prudential Ins. Co. of America*, 182 Ariz. 586, 589-590 (1995). Here, the

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
9

1 | Lahtis discovered the facts that give rise to their Complaint within the last three months. First,

2 | the Lahtis discovered on March 12, 2008 that Defendants had no intention to perform on their

3 | bargained for contract and had included a provision in the Licensing Agreement providing for

4 | premature termination without the Lahtis knowledge or consent. Second, in February, 2008, the

5 | Lahtis discovered that the Bloomquists had no intention of providing payment for the beta testing

6 | of Software that the Lahtis and their employees had performed.

7 | Because Plaintiffs discovered the claims that form the basis of their Complaint just in the

8 | last three months, the statute of limitations on this matter has not run, even if the Licensing

9 | Agreement is found to shorten the statute of limitations to one year. *See Gust, Rosenfeld &*

10 | *Henderson, supra*, 182 Ariz. 589-590.

11 | ### IV. CONCLUSION

12 | As fully discussed herein, the Lahtis' have properly filed their Complaint in this Court,

13 | which has subject matter jurisdiction over their claims and personal jurisdiction over the parties.

14 | As a result Defendants Motion to Dismiss should be denied.

15 | Dated: May 16, 2008          **LAW OFFICE OF TRIANO & BYRNE**

16 |

17 |          */s/ Mark Byrne*
          MARK D. BYRNE, ESQ.

18 |          Attorney for Plaintiffs
          Ernest Lahti, Linda Lahti, Applied Reserve Analyst

19 |

20 |

21 |

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

1  MARK D. BYRNE, ESQ. SBN#109268
2  **LAW OFFICES OF TRIANO & BYRNE**
   25 Jessie Street, 16th Floor
3  San Francisco, CA 94105-2749
   Telephone: (415) 371-8000
4  Facsimile: (415) 371-8001
5  mailbox@trianobyrne.com

6  Attorney for Plaintiffs Ernest Lahti, Linda Lahti and Applied Reserve Analysis, LLC

7

8                **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                **SAN FRANCISCO DIVISION**

11

12  ERNEST LAHTI, LINDA          )        Case No: C08-2314 BZ
    LAHTI AND APPLIED            )
13  RESERVE ANALYSIS, LLC, a     )     **CERTIFICATE OF SERVICE**
    California corporation,       )
14                               )
15          Plaintiffs,           )
                                 )
16                               )
17  v.                           )
                                 )
18                               )
19  DAN BLOOMQUIST,              )
    REBECCA BLOOMQUIST,          )
20  HIGHLANDS ELECTRONICS        )
    LLC, an Arizona corporation, and )
21  DOES 1 through 50 inclusive,  )
                                 )
22                               )
23          Defendants.           )
                                 )
24                               )
25                               )
26                               )
27                               )
28  _____

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

CERTIFICATE OF SERVICE

1   I declare:

2

3   I am employed in the County of San Francisco, State of California.  My business address is 25

4   Jessie Street, 16th Floor, San Francisco, CA 94105.  I am over the age of eighteen years, and I am

5   not a party to the within action. On May 16, 2008 I served the following documents:

6   • ***PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS***
     ***PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER***
7   ***JURISDICTION; AND***

8   • ***CERTIFICATE OF SERVICE.***

9   Upon the party listed below, addressed as follows:

10  **Rebecca Bloomquist**                **Dan Bloomquist**
    **P.O. Box 797**                       **P.O. Box 797**
11  **Vernon, Arizona 85940**              **Vernon, Arizona 85940**
    **Rebecca@lakeweb.com**                **Dan_b@lakeweb.com**
12

13  **Highlands Electronics**
    **P.O. Box 797**
14  **Vernon, Arizona 85940**
    **Rebecca@lakeweb.com**
15

16

17  **XXX**  **First Class Mail:** By depositing a sealed envelope in the United States mail at San
             Francisco, California, with postage fully prepaid.

18
             **Facsimile:** By transmitted a true and correct copy via facsimile electronic equipment
19           transmission (fax) to the office(s) of the addressee(s) at the fax number(s) listed above.

20           **Personal Delivery:** By personally delivering the document(s) listed above to the
             person(s) at the address(es) on the date set forth above.
21
             **Electronic Mail:** On May 16, 2008 at 4:00pm I transmitted a true and correct copy via
22  **XXX**  electronic mail to the office(s) of the addressee(s) at the electronic mail address(es) listed
             above.
23

24           I declare under penalty of perjury under the laws of the State of California that the

25  foregoing is true and correct. Executed on May 16, 2008 at San Francisco, California.

26

27                              By:  ___/s/ *Rithy Keo*_____
                                     Rithy Keo
28                                   Legal Assistant

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

CERTIFICATE OF SERVICE