FROM : RESERVE ANALYST SOFTWARE            FAX NO. :9285373377            May. 21 2008 04:41PM P1



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LAHTI, LINDA LAHTI AND APPLIED RESERVE ANAYLSIS, LLC, a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DAN BLOOMQUIST, REBECCA BLOOMQUIST, HIGHLANDS ELECTRONICS, LLC, an Arizona Corporation and DOES 1 through 50 inclusive,<br><br>Defendants. | No. C08-2314 BZ<br><br>Division _____<br><br>**REPLY RE MOTION TO DISMISS** |

Defendants Dan Bloomquist, Rebecca Bloomquist, Highlands Electronics, LLC, and DOES 1 through 50 inclusive ("defendants") continue to make a special appearance without admitting jurisdiction and file their reply to plaintiffs' objection to defendants' motion to dismiss.

### PLAINTIFFS' ALLEGED FACTS ARE INCORRECT AND IRRELEVANT

The majority of plaintiffs' facts, chronology, and inferences are incorrect. Even in the event that plaintiffs' facts, chronology, and inferences were correct, including details surrounding the creation and marketing of the software, which they are not, none of the statements are relevant to the sole issue at the core of the motion to dismiss, which is simply the fact that the parties bilaterally agreed that Arizona law governs all claims rising out of the contract, read, agreed to, and signed by both parties.

## LACK OF SUBJECT MATTER JURISDICTION

Pursuant to the parties' contract on which this matter is based in its entirety, the parties agreed that any claims relating to the contract would be resolved only under the laws of the State of Arizona. Any jurisdiction the state of California, including this court, may have had, has been trumped by mutual agreement of the parties in the contract. Even in the event that the parties did not mutually agree that all issues arising out of the contract would be governed solely by Arizona law, which they did, this court would still not have subject matter jurisdiction, as the disputed amount does not exceed $75,000.00.

## THE CONTRACT PROVIDES FOR EXCLUSIVE VENUE AND IS BINDING

The contract clearly provides, as understood and signed by both parties, that all issues arising out of the contract would be governed by Arizona law. The language is plain, clear, and unambiguous. Plaintiffs incorrectly filed this action in California when the correct venue in which to file their action was Arizona. The contract was not formally drawn up by sophisticated attorney. However, the contract clearly reflects the intent and agreement of both parties, which was to have all issues arising from the contract governed by Arizona law and not any other law. The contract is binding. The Court should interpret the contract based upon the plain language of the contract, which reflects the parties' intent to allow only Arizona law to govern issues arising out of the contract, and hold the contract binding upon both parties.

## SETTLEMENT

Defendants have been, and continue to be, willing to settle this matter short of litigation. Plaintiffs failed to identify or address this situation with defendants prior to bringing this action.

In the event that the Court dismisses this action, defendants remain desirous of, and will work towards, settlement outside of litigation.

**REQUEST**

Based upon the foregoing, defendants request this matter be dismissed with prejudice and request that plaintiffs be ordered to pay all of their reasonable attorneys' fees and costs in this matter.

RESPECTFULLY SUBMITTED this 21st day of May, 2008.

By _____
Rebecca Bloomquist on behalf of Defendants

COPY of the foregoing Motion to Dismiss
Mailed via electronic mail and US Mail this 21st day of
May, 2008 to:

Mark D. Byrne, Esq.
Law Office of Triano & Byrne
25 Jessie St., 16th Floor
San Francisco, CA 94105
mailbox@martinfiriano.com

By _____
REBECCA BLOOMQUIST on behalf of Defendants