MARK D. BYRNE, ESQ. SBN#109268
**LAW OFFICES OF TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Telephone: (415) 371-8000
Facsimile: (415) 371-8001
mailbox@martinftriano.com

Attorney for Plaintiffs Ernest Lahti, Linda Lahti and Applied Reserve Analysis, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNEST LAHTI, LINDA LAHTI AND APPLIED RESERVE ANALYSIS, LLC, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DAN BLOOMQUIST, REBECCA BLOOMQUIST, HIGHLANDS ELECTRONICS LLC, an Arizona corporation, and DOES 1 through 50 inclusive, <br><br> Defendants. | Case No: CV-08-2314 WB <br><br> **VOLUNTARY DISMISSAL PURSUANT TO AGREEMENT AND RETENTION OF JURISDICTION OF U.S. MAGISTRATE WAYNE BRAZIL TO MONITOR SETTLEMENT AND RESOLVE DISPUTES** |

1. Plaintiffs hereby voluntarily dismiss the foregoing proceeding with prejudice, with the exception of the retention of jurisdiction as more particularly set forth below in the attached Settlement and Release by and between the parties.

2. As more specifically set forth in the Settlement Agreement, U.S. Magistrate Judge Wayne D. Brazil will retain jurisdiction over this entire matter and will be empowered to settle, without

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

VOLUNTARY DISMISSAL PURSUANT TO AGREEMENT AND RETENTION OF JURISDICTION OF U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL TO MONITOR SETTLEMENT AND RESOLVE DISPUTES.
1

any right of appeal whatsoever, any and all disputes that may arise at law or in equity as to the interpretation and enforcement of the Settlement Agreement and Release by and between the parties. Any party to the Settlement Agreement and Release, or their legal counsel, will have the continuing right to contact Judge Brazil by phone, by electronic means or by letter and request that he rule on any dispute that is related to the Settlement Agreement and Release. Judge Brazil, in turn, will have unfettered discretion as to how he will structure the presentation of various sides to any such dispute, and he will have the power to award reasonable attorney's fees costs that are attributable to the presentation and/or resolution fo the dispute. His power will extend to binding and final awards of money damages, binding and final equitable relief, and to any other form of relief he deems just and proper under the circumstances (which relief will also be binding and final). U.S. Magistrate Judge Wayne D. Brazil shall have the sole power to determine whether a material breach allowing the parties to pursue their remedies under the Agreement. For the purposes of such dispute resolution activities, the normal rules of evidence and procedure will not apply and the manner of resolution will be exclusively and finally determined by Judge Brazil. Should U.S. Magistrate Wayne D. Brazil be unavailable, all of the above powers will be subject to exercise by his successor or his surrogate.

Dated: August 1, 2008            **LAW OFFICE OF TRIANO & BYRNE**

  _/s/ Mark Byrne_____
MARK D. BYRNE, ESQ.
Attorney for Plaintiffs
Ernest Lahti, Linda Lahti, Applied Reserve Analyst

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

①

*eds* 6/23/08

# Confidential Settlement Agreement
# and General Release

This Confidential Settlement Agreement and General Release ("Release") is entered into by and between ERNEST LAHTI, LINDA LAHTI and APPLIED RESERVE ANALYSIS, LLC on the one hand ("the Plaintiffs") and DAN BLOOMQUIST, REBECCA BLOOMQUIST, and HIGHLANDS ELECTRONICS LLC, ("the Defendants") on the other. The Release memorializes an agreement in principle reached in Court on June 16, 2008.

WHEREAS, the Plaintiffs, through their attorneys, filed an action entitled "*Lahti, et al, v. BLOOMQUIST, et al,*" in the United States District Court for the Northern District of California (Case No. 3:08-CV-02314-BZ, hereinafter referred to as the "Lawsuit"); and,

WHEREAS, the Defendants deny the allegations made by the Plaintiffs in the Lawsuit, and deny that they or any of their agents have harmed the Plaintiffs in any way or that they are liable to the Plaintiffs in any way; and,

WHEREAS, a mediation in which the Plaintiffs and the Defendants personally participated[1] and were represented by counsel was held in the United States Courthouse in Oakland, California before U. S. Magistrate Judge Wayne D. Brazil; and,

WHEREAS, as the outcome of the mediation and so as to avoid the further expense, inconvenience, and distraction of litigation, the Plaintiffs and the Defendants reached an agreement on June 16, 2008 to compromise their claims and differences arising out of the Lawsuit such that the Defendants have agreed to the undertakings described in Section 1 below of this Release and the Plaintiffs has agreed to enter into a confidential agreement in a form acceptable to the Defendants; and,

WHEREAS, by this Release, the Plaintiffs and the Defendants implement their June 16, 2008, agreement and resolve finally and completely and with prejudice, and without further judicial, administrative, or arbitral intervention (except as specifically described below), any and all matters between them relating to the matters set forth in the Complaint in the case referenced above and any and all other matters that are or could have been the subject of the Lawsuit; and,

NOW, THEREFORE, in consideration of the above recitals and the mutual promises and covenants set forth below, the Plaintiffs and the Defendants, each intending to be legally bound, agree as follows:

## SECTION 1- DISCOUNTED RENEWABLE CONTRACTS FOR FIVE YEARS

A. PAYMENT: In consideration for the Plaintiffs's execution of this Release and in full and final settlement of all Claims described in Section 2 of this Release, the Defendants agree to enter into a series of one year agreements over a period of the next five years with the Plaintiffs (and/or

---

[1] Defendant REBECCA BLOOMQUIST participated by telephone from Arizona. The entities were represented by their principals, who were present, and by their counsel.

their successors in interest), and the Plaintiffs agree to accept from the Defendants such agreements, each of which will be at a rate that is 10 percent below that then being charged by Defendant HIGHLANDS ELECTRONICS LLC to other similar contractees. In order to verify that the 10 percent discount is actually being applied, during the first contract year, the Defendants will lodge three other contracts to the chambers of Judge Brazil who will examine them *in camera* and compare them to the contract then being proffered to the Plaintiffs. The Plaintiffs will have the right, upon request, to have the same procedure followed in succeeding contract years. Under no circumstances will be the three specimen contracts submitted for in camera inspection become a part of the public record of this case. Nor will the names of the contracting persons or entities be revealed to the Plaintiffs.

B. CLAIMS RELEASED BY PLAINTIFFS: the Plaintiffs understand and agree that they are releasing all known and unknown claims, promises, causes of action, or similar rights of any type that they may have (the "Claims") against any Released Party arising out of or in any way related to the matters raised in the Complaint and/or the Lawsuit. The Plaintiffs further understand that the Claims they are releasing may arise under many different laws (including statutes, regulations, other administrative guidance, and common law doctrines), both State and Federal. The Plaintiffs also understand that they are releasing Claims that they may not know about. That is the Plaintiffs' knowing and voluntary intent, even though the Plaintiffs recognize that someday one or more of them might learn that some or all of the facts they currently believe to be true are untrue and even though he/she/it might then regret having signed this Release. Nevertheless, the Plaintiffs are assuming that risk and they agree that this Release will remain effective in all respects in any such case. The Plaintiffs expressly waive all rights that each might have under any law that is intended to protect them from waiving unknown claims and they each understand the significance of doing so. Furthermore, in recognition of the Plaintiffs' release of any unknown Claims, the parties have attached and incorporated herein an Appendix II to this Release, setting forth the provisions of California Civil Code §1542 and the Plaintiffs' acknowledgment of their knowing and willful intent to waive any and all rights contained in Civil Code §1542.

D. CLAIMS NOT RELEASED: the Plaintiffs do not waive, nor will this Release be construed to waive, any right that is not subject to waiver as a matter of law and any right that arises after the effective date of this Release.

E. DISMISSAL WITH PREJUDICE: the Plaintiffs will dismiss the Lawsuit with prejudice by having their attorney execute a Request for Dismissal with Prejudice, in a form similar to that which is attached hereto as Appendix I.

F. BRING ACCOUNTS CURRENT: Plaintiffs agree to bring their account with HIGHLANDS ELECTRONICS LLC, based on prior agreements, current within 14 calendar days of the date that they sign this Release. Payments due currently total, as of June 17, 2008, $2,630.25[2].

G. This Release will become effective on the date that all four of the following have been accomplished:

1. A voluntary dismissal is filed.
2. Plaintiffs' account is brought current.
3. A copy of this Release, executed by all Plaintiffs, is received by Defendants.
4. The Order below is signed and dated by the Magistrate Judge.

---

[2] This amount reflects the monthly charge (3.5 months from February 29, 2008 to 6/16/2008) to use Reserve Analyst© without a formal contract in place. The monthly fee is $835.00 and has been discounted by 10% per the settlement agreement.

(3)

*signature* 6/23/08

## SECTION 2-THE PLAINTIFFS' PROMISES and ACKNOWLEDGMENTS

A. PURSUIT OF RELEASED CLAIMS: Except as identified above, the Plaintiffs specifically covenant that he/she/it has not filed or caused to be filed any lawsuit, complaint, or charge with respect to any Claim that this Release purports to waive, and the Plaintiffs promises never to file or prosecute a lawsuit based on such Claim that this Release purports to waive.

B. NONADMISSION OF FAULT: the Plaintiffs agrees that the Defendants entry into this Release is not to be construed as, and is not, an admission that the Defendants (or any Released Party) violated any of its duties or obligations to anyone or treated anyone improperly, unlawfully, or unfairly in any manner whatsoever, or that they engaged in any unlawful conduct either in the manner alleged in the Lawsuit or in any manner. Neither this General Release nor the implementation thereof will be construed to be, or will be admissible in any proceedings as, evidence of an admission by the Defendants (or any Released Party) of any violation of or failure to comply with any federal, state, or local law, common law, agreement, rule, regulation, or order. Further, the Plaintiffs expressly understand and agree that the Defendants in no way admit, by entering into this Release or otherwise, that the Plaintiffs were treated unlawfully or unfairly or breached any agreement with them, and the Plaintiffs understand that the Defendants deny all such allegations, deny that they are liable to the Plaintiffs in any way, and deny that they engaged in any unlawful or improper conduct.

C. OWNERSHIP OF CLAIM: the Plaintiffs promise that they have not assigned or transferred any Claim they are releasing in this document.

## SECTION 3 -THE PARTIES JOINT PROMISES, COVENANTS and ACKNOWLEDGMENTS

A. NONDISPARAGEMENT: the Plaintiffs and the Defendants both promise not to make any disparaging statements about the other Parties to any of the Parties past, present, or future customers, employees, clients, contractors, vendors, or to the media or to any other person (orally or by any other medium of communication, including Internet communications such as e-mails, message boards, "chat rooms," and Web postings). As used herein, the term "disparaging statement" means any communication, oral or written, that would cause or tend to cause humiliation or embarrassment or to cause a recipient of such communication to question the business condition, integrity, product, service, quality, confidence, or good character of any of these persons or entities.

B. THIS RELEASE TO BE KEPT CONFIDENTIAL: the Parties agree to keep the terms of this Release strictly confidential, and agree that they will not - unless compelled by law or judicial process to do so (or to obtain assistance in the future with regard to the interpretation or enforcement of this from U. S. Magistrate Judge Wayne D. Brazil or his successor) - discuss or disclose, directly or indirectly, the terms of this Release (including the discount Plaintiffs are to receive pursuant to this Release). The Parties expressly acknowledge, understand, and agree that the violation of this confidentiality requirement by any such person will be treated as a violation of this Release. This agreement, regarding non-disclosure, does not extend to the contents of the contract entered into pursuant to the terms of this settlement.

C. CONSEQUENCES OF VIOLATION OF ANY PROMISE: the Parties acknowledge that any material breach of this Release constitutes the breach of a contract between and among them and that, because it has been so ordered by U. S. Magistrate Judge Wayne D. Brazil, it also constitutes the violation of a Court order.

D. MAINTENANCE OF JURISDICTION BY MAGISTRATE JUDGE: with the consent of the Parties, U. S. Magistrate Judge Wayne D. Brazil, will retain jurisdiction over this entire

(4)

Fd. 6/23/08

matter and will be empowered to settle, without any right of appeal whatsoever, any and all disputes that may arise at law or in equity as to the interpretation and/or enforcement of this Release. Any party to this release, or their counsel, will have the continuing right to contact Judge Brazil, by phone, by electronic means, or by letter, and request that he rule on any dispute that is related to this Release. Judge Brazil, in turn, will have unfettered discretion as to how he will structure the presentation of various sides to any such dispute, and he will have the power to award reasonable attorneys' fees and costs that are attributable to the presentation and/or resolution of any such dispute. His power will extend to binding and final awards of money damages, binding and final equitable relief, and to any other form of relief that he deems just and proper under the circumstances (which relief will also be binding and final). U. S. Magistrate Judge Wayne D. Brazil shall have the sole power to determine whether a material breach allowing the parties to peruse their remedies under the agreement. For the purposes of such dispute resolution activities, the normal rules of evidence and procedure will not apply and the manner of resolution will be exclusively and finally determined by Judge Brazil. Should U. S. Magistrate Judge Wayne D. Brazil be unavailable, all of the above powers will be subject to exercise by his successor or his surrogate. The above dispute resolution mechanism will remain in effect for five years from the date Magistrate Judge Brazil signs below, transforming this by agreement of the parties from a mere settlement agreement into a Court Order.

## SECTION 4 - MISCELLANEOUS

A. ENTIRE AGREEMENT: The Parties understand and agree that the terms and conditions of this Release constitute the full and complete understandings, agreements, and promises between the Plaintiffs and the Defendants with respect to all matters covered by this Release, that there are no other agreements, covenants, promises, or arrangements between the Plaintiffs and the Defendants other than those set forth herein, with respect to the resolution of this Lawsuit and that the terms and conditions of this Release cancel and supersede any prior understandings or agreements that may have been between the Plaintiffs and the Defendants with respect to all matters covered by this Release, and that no other promise or inducement has been offered to any Party except as specifically set forth herein.

B. WAIVERS: No waiver of any provision of this Release will be effective against the waiving Party unless such waiver is in writing and signed by the waiving Party. Waiver by a Party will not be construed as or constitute either a continuing waiver or a waiver of any other matter by the waiving Party.

C. SEVERABILITY: If any term, condition, clause, or provision of this Release will be determined by a court of competent jurisdiction to be void or invalid at law, or for any other reason, then only that term, condition, clause, or provision, as is determined to be void or invalid, will be stricken from this Release, and this Release will remain in full force and effect in all other respects.

D. HIGHLANDS ELECTRONICS LLC agrees to maintain software Version 2.3.7 during the life of the contract.

E. Each side agrees that it will bear its own attorneys' fees and costs.

F. AMENDMENTS AND MODIFICATIONS: There will be no amendments or modifications of any of the terms of this Release unless they are reduced to writing and signed by all the Parties hereto.

G. SUCCESSORS: This Release binds the Plaintiffs, their heirs, administrators, representatives, executors, successors, and assigns it also binds the Defendants, their heirs, administrators, representatives, executors, successors, and assigns, and will inure to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

(5)

H. INTERPRETATION: This Release shall be construed as a whole according to its fair meaning. It will not be construed strictly for or against the Plaintiffs or the Defendants. It is the product of mutual negotiations. Captions are intended solely for convenience of reference and will not be used in the interpretation of this Release. This Release will be governed by the statutes and common law of the State of California.

I. COUNTERPARTS: This Release may be signed in counterparts, each of which will be deemed an original when signed, and will constitute the same instrument.

J. APPENDICES: Both Appendices are incorporated herein by reference.

**ATTESTATIONS:**

THE PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THE FOREGOING RELEASE, THAT THEY UNDERSTAND COMPLETELY ITS CONTENTS, THAT THEY UNDERSTAND THE SIGNIFICANCE AND CONSEQUENCE OF SIGNING IT, AND THAT THEY INTEND TO BE LEGALLY BOUND BY ITS TERMS. CONSIDERATION.

IN WITNESS WHEREOF, ERNEST LAHTI, LINDA LAHTI and APPLIED RESERVE ANALYSIS, LLC have caused this Confidential Settlement Agreement and General Release to be executed as of the dates set forth below.

Plaintiff ERNEST LAHTI
_[signature]_
Date: 6/23/08

Plaintiff LINDA LAHTI
_[signature]_
Date: 6/23/08

Plaintiff APPLIED RESERVE ANALYSIS, LLC
By: _[signature]_
Title: President
Date: 6/23/08

THE DEFENDANTS ACKNOWLEDGE THAT THEY, TOO, HAVE



CAREFULLY READ THE FOREGOING RELEASE, THAT THEY UNDERSTAND COMPLETELY ITS CONTENTS, THAT THEY UNDERSTAND THE SIGNIFICANCE AND CONSEQUENCE OF SIGNING IT, AND THAT THEY INTEND TO BE LEGALLY BOUND BY ITS TERMS.

IN WITNESS WHEREOF, DAN BLOOMQUIST, REBECCA BLOOMQUIST, and HIGHLANDS ELECTRONICS, LLC have caused this Confidential Settlement Agreement and General Release to be executed as of the dates set forth below.

Defendant DAN BLOOMQUIST

Date: 6/18/08

Defendant REBECCA BLOOMQUIST

Date: 6/18/08

HIGHLANDS ELECTRONICS, LLC

By:
Title: Member

Date: 6/18/08

IT IS SO ORDERED:

U. S. Magistrate Judge Wayne D. Brazil

Date: 7-17-08



## Appendix I

### Notice of Voluntary Dismissal

NOTICE IS HEREBY GIVEN that, pursuant to Federal Rule of Civil Procedure 41, the Plaintiffs voluntary dismiss the above-captioned action with prejudice.



## APPENDIX II

The Plaintiffs hereby acknowledge their knowing and willful intent to waive any and all rights contained in California Civil Code §1542, which states:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff ERNEST LAHTI
_[signature]_
Date: 6/23/08

Plaintiff LINDA LAHTI
_[signature]_
Date: 6/23/08

Plaintiff APPLIED RESERVE ANALYSIS, LLC
By: _[signature]_
Title: President
Date: 6/23/08

```
 1  MARK D. BYRNE, ESQ. SBN#109268
    LAW OFFICES OF TRIANO & BYRNE
 2  25 Jessie Street, 16th Floor
 3  San Francisco, CA 94105-2749
    Telephone: (415) 371-8000
 4  Facsimile: (415) 371-8001
 5  mailbox@trianobyrne.com

 6  Attorney for Plaintiffs Ernest Lahti, Linda Lahti and Applied Reserve Analysis, LLC
 7
 8                         UNITED STATES DISTRICT COURT
 9                        NORTHERN DISTRICT OF CALIFORNIA
10                              SAN FRANCISCO DIVISION
11
     ERNEST LAHTI, LINDA LAHTI   )        CV-08-2314 WB
12   AND APPLIED RESERVE         )
13   ANALYSIS, LLC, a California )        CERTIFICATE OF SERVICE
     corporation,                )
14                               )
15         Plaintiffs,           )
16                               )
17   v.                          )
18                               )
19   DAN BLOOMQUIST,             )
20   REBECCA BLOOMQUIST,         )
     HIGHLANDS ELECTRONICS       )
21   LLC, an Arizona corporation, and )
22   DOES 1 through 50 inclusive,)
                                 )
23         Defendants.           )
24                               )
25                               )
26                               )
27                               )
28  _____)
```

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

CERTIFICATE OF SERVICE

1

1  I declare:

2

3  I am employed in the County of San Francisco, State of California.  My business address is 25

4  Jessie Street, 16th Floor, San Francisco, CA 94105.  I am over the age of eighteen years, and I am

5  not a party to the within action. On August 1, 2008 served the following documents:

6  - ***VOLUNTARY DISMISSAL PURSUANT TO AGREEMENT AND
7  RETENTION OF JURISDICCTION OF U.S. MAGISTRATE WAYNE BRAZIL
   TO MONITOR SETTLEMENT AND RESOLVE DISPUTES; AND***
8  - ***CERTIFICATE OF SERVICE.***

9  Upon the party listed below, addressed as follows:

10 **Michael J. Tonsing, Esq.**
   **1255 Post Street, Suite 427**
11 **San Francisco CA 94109**

12

13

14  **XXX**  **First Class Mail:** By depositing a sealed envelope in the United States mail at San Francisco, California, with postage fully prepaid.

15

16  **Facsimile:** By transmitted a true and correct copy via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) listed above.

17  **Personal Delivery:** By personally delivering the document(s) listed above to the person(s) at the address(es) on the date set forth above.
18

19  **Electronic Mail:** On May 21, 2008 at 12:15 pm I transmitted a true and correct copy via electronic mail to the office(s) of the addressee(s) at the electronic mail address(es) listed above.
20

21  I declare under penalty of perjury under the laws of the State of California that the foregoing

22  is true and correct. Executed on August 1, 2008 at San Francisco, California.

23

24  By:  ___/s/ *Kaitlin Devaney*___
         Kaitlin Devaney
25       Legal Assistant

26

27

28

Law Offices
**TRIANO & BYRNE**
25 Jessie Street, 16th Floor
San Francisco, CA 94105-2749
Tel. (415) 371-8000
Fax (415) 371-8001

CERTIFICATE OF SERVICE

2